UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES K. FLOYD,<br><br>　　　　　　　　　Petitioner,<br>　v.<br>ISIDRO BACA, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:17-cv-00459-MMD-CBC<br><br>ORDER |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Nevada state prisoner Petitioner James K. Floyd ("Petitioner or Floyd") is before the Court on Respondents' motion to dismiss (ECF No. 6). Floyd did not file an opposition or respond in any way.

## I. PROCEDURAL HISTORY AND BACKGROUND

On March 20, 2014, Floyd pleaded guilty to count 1: burglary; count 2: possession of stolen property; and count 3: conspiracy to commit possession of stolen property. The state district court sentenced Floyd as follows: count 1 – 48 to 120 months; count 2: 12 to 120 months, consecutive to count 1; and count 3: 364 days in the Clark County Detention Center, concurrent with count 2. Judgment of conviction was filed on May 23, 2014.[1]

///

---

[1] The facts in this paragraph are found in ECF Nos. 8 and 9 (exhibits 9, 10, and 11) of case no. 3:17-cv-00400-MMD-WGC of which the Court takes judicial notice. In 3:17-cv-00400-MMD-WGC, Petitioner challenged the underlying judgment of conviction, and the referenced exhibits were attached to Respondents' motion to dismiss Petitioner's petition therein.

1 | On July 19, 2016, Floyd filed a *pro per* state habeas corpus petition (ECF No. 7-1 (exh. 1)).[2] He argued that the Nevada Department of Corrections ("NDOC") failed to apply credits to his minimum term pursuant to NRS § 209.4465. On September 19, 2016, the state district court denied the petition, and the Nevada Supreme Court affirmed the denial on June 15, 2017. (ECF Nos. 7-7, 7-15 (exhs. 7, 15).) The Nevada Supreme Court reasoned:

> Floyd claimed that [NDOC] is not deducting statutory credits from his minimum sentences pursuant to NRS 209.4465(7)(b). Floyd's claim lacks merit. NRS 209.4465(7) begins "Except as otherwise provided in subsection[ ] 8," and NRS 209.1465(8) specifically excludes offenders convicted of category B felonies from deducting statutory credits from their minimum sentences. Floyd's controlling sentences are for category B felonies, *see* NRS 205.060; NRS 205.275(2)(c), that were committed after the effective date of NRS 209.4465(8). Accordingly, Floyd is not entitled to the deduction of credits from his minimum sentences.

*Id.* Remittitur issued on July 21, 2017. (ECF No. 7-18 (exh. 18).)

Floyd dispatched his federal habeas petition for filing on July 28, 2017 (ECF No. 4 at 1). Respondents argue that the petition should be dismissed for failure to state a claim cognizable in federal habeas corpus (ECF No. 7).

## II.  DISCUSSION

### A.  Claims Cognizable in Federal Habeas Corpus

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).

///

---

[2] Going forward, references to exhibits 1 through 18 are to the exhibits attached to Respondents' motion to dismiss in this case (ECF No. 6).

Here, Floyd argues that NDOC has failed to apply credits to his minimum sentence first in contravention of NRS § 209.4465 (ECF No. 4 at 3–4). Respondents argue that this is solely an issue of the application of state law (ECF No. 6 at 2). Whether a state court properly applies its own law is not a federal constitutional concern reviewable under 28 U.S.C. § 2254(a). *Clemons v. Mississippi*, 494 U.S. 738, 747 (1990); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990). This Court agrees that Floyd's claim is a question of state law and therefore not cognizable in federal habeas corpus.[3]

**B.     Certificate of Appealability ("COA")**

This is a final order adverse to Petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a COA. Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *see also Turner v. Calderon*, 281 F.3d 851, 864–65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and ruling in dismissing Floyd's petition, the Court finds that none of those rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability.

///

///

---

[3]This Court also notes that this claim also appears noncognizable in federal habeas because success on the merits of the claim "would not necessarily lead to immediate or speedier release" as it would not necessarily lead to a grant of parole. *Nettles v. Grounds*, 830 F.3d 922, 934–935 (9th Cir. 2016).

### III. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 6) is granted.

It is further ordered that a certificate of appealability is denied.

It is further ordered that the Clerk enter judgment accordingly and close this case.

DATED THIS 11th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE